### WATERFORD TOWNSHIP v. OAKLAND COUNTY TAX ALLOCATION BOARD.

1. TAXATION—ALLOCATION OF MILLAGE.

    The allocation of millage for the purposes of a township and local units thereof must be determined upon the basis of the equalized valuation of the property in the township (Const. 1908, art. 10, § 21).

2. SAME—EQUALIZATION—CASH VALUE—UNIFORM RULE OF TAXATION.

    The process of equalization of assessment units is essential to make effective the requirements of the Constitution that property be assessed at its cash value and pursuant to a uniform rule of taxation (Const. 1908, art. 10, §§ 3, 7).

3. INJUNCTION—TAXATION—15-MILL LIMITATION—QUESTIONS REVIEWABLE.

    In township's suit to enjoin county tax allocation board from fixing any millage upon the equalized valuation of such township which would result in a total tax spread of over 15 mills on the assessed valuation as fixed by the assessing officer of the township and certified by the board of review, exclusive of

debt service, the question of the rights of an individual property owner who might contend that the tax upon his property exceeds the constitutional limitation is not before the court for decision (Const. 1908, art. 10, § 21).

4. COURTS—PRIOR DECISIONS—PRECEDENTS—AMENDMENTS TO STATUTES AND CONSTITUTION.

Previous decisions pertaining to the spreading of assessments would not be binding where there have been subsequent changes in the general property tax law and an amendment to the Constitution imposing a maximum limit upon the rate of taxation (Const. 1908, art. 10, §§ 3, 7, and § 21 as added in 1932).

5. SAME—OPINION AS PRECEDENT—INJUNCTION—TAXATION.

Opinion as to propriety of deciding question as to whether or not allocation of millage for purposes of a township and local units thereof on bill to enjoin fixing millage upon the equalized valuation is not expressed but such procedure is not to be accepted as a precedent (Const. 1908, art. 10, § 21; 1 Comp. Laws 1929, § 3507).

6. COSTS—BASIS FOR FIXING MILLAGE—PUBLIC QUESTION.

No costs are allowed in suit to determine whether county tax allocation board should fix millage on valuation as originally assessed or as equalized, a public question being involved. (Const. 1908, art. 10, § 21).

Appeal from Oakland; Hartrick (George B.), J. Submitted October 9, 1945. (Docket No. 66, Calendar No. 43,192.) Decided November 5, 1945.

Bill by Waterford Township against Robert Y. Moore and others, individually and as constituting the Oakland County Tax Allocation Board, to restrain fixing of millage upon the equalized valuation. Decree for defendants. Plaintiff appeals. Affirmed.

*Donald C. Porritt,* for plaintiff and intervener Pontiac Township.

*Harry J. Merritt,* for defendants.

*William A. Ewart,* for intervener City of Pontiac.

*Fred N. Searl,* for State Association of Supervisors, *William A. Ewart,* for School District of the

City of Pontiac, *Wilson B. Severance,* for Avon School District No. 5, *Ronald M. Ryan,* for School District of the City of Battle Creek, *John R. Dethmers,* Attorney General, *Howard E. Wilder,* President, Michigan Municipal Attorneys Association and for City of Battle Creek, *Burney E. Brower,* for City of Jackson, *William J. Balgooyen,* for City of Muskegon Heights, *Edward W. Koepke,* for City of Saginaw, and *W. G. Krapohl* and *John T. Damm,* for City of Flint, *amici curiae.*

REID, J. The bill of complaint in the present case was filed to enjoin defendants, constituting the Oakland county tax allocation board, from fixing any millage upon the equalized valuation of Waterford township which would result in a total tax spread of over 15 mills on the assessed valuation as fixed by the assessing officer of said township and certified by the board of review, exclusive of debt service.

Defendant board admits that it proposes to allocate millages on the basis of the assessed valuation as equalized by the county board of equalization, and not upon the assessed valuation as fixed by the assessing officer and certified by the board of review.

The instant case requires a judicial construction of the meaning of the term "assessed valuation" as used in the tax limitation amendment to the State Constitution (Const. 1908, art. 10, § 21, adopted November 8, 1932), which provides in part:

"The total amount of taxes assessed against property for all purposes in any one year shall not exceed one and one-half per cent. of the *assessed valuation* of said property."

The term "assessed valuation" in the above constitutional amendment was construed in *St. Ignace*

*City Treasurer* v. *Mackinac County Treasurer,* 310 Mich. 108, 118, to mean "the local assessment as approved or changed and corrected through the statutory process of county and State equalization."

The precise question in the present case is whether the equalized valuation of Waterford township, or the assessed valuation as fixed by the assessing officer and board of review, shall be used in fixing the millage for township purposes and the purposes of other local units. Plaintiff contends that this question was not determined by our decision in the *St. Ignace Case.* The above constitutional amendment and the statutory enactments relative to equalization and allocation clearly indicate that the allocation for township purposes and for the purposes of other local units must be determined upon the equalized valuation of the property in the township. Therefore, we conclude that the allocation for the purposes of Waterford township and local units thereof shall be determined upon the basis of the equalized valuation of the property in said township.

We are not unmindful that in previous decisions of this court there may be found statements which appear to be inconsistent with our conclusion herein. But it should be noted that subsequent to those former decisions there have been changes in the Constitution and in the general property tax law of this State, which we think now render them inapplicable to, or at least inconsistent with, a proper interpretation of the present general property tax law construed in connection with the 15-mill constitutional amendment and statutory provisions providing for equalization and allocation. The following statement from our decision in the *St. Ignace Case* (p. 116) is equally applicable to decision in the instant case;

"To eliminate county equalization would tend to induce each assessing unit to evade the cash-value rule * and place its assessment at the lowest possible figure. This would result in a chaotic inequality of assessments and undoubtedly in a failure to produce the required revenues. The constitutional requirement of a 'uniform rule of taxation' † can be satisfactorily effected only through the process of equalization."

The question of the rights of an individual property owner who might contend that the tax upon his property exceeds the constitutional limitation is not before us in the present case. Further, because the issue has not been raised, we do not herein express any opinion as to the propriety of adjudicating the subject matter here in litigation by means of an injunction proceeding. See 1 Comp. Laws 1929, § 3507 (Stat. Ann. § 7.168). However, the procedure in that respect in the instant case is not to be accepted as a precedent.

The decree of the trial court dismissing plaintiff's bill and determining that the millage shall be allocated by the Oakland county tax allocation board on the basis of the equalized assessed valuation of said township is hereby affirmed. A public question being involved, no costs are allowed.

STARR, C. J., and NORTH, CARR, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.

---

* See Const. 1908, art. 10, § 7.—REPORTER.
† See Const. 1908, art. 10, § 3.—REPORTER.